1

# NOT FOR PUBLICATION

ENTERED

JAN 2 1 2011

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

2

3

4

5

6

7

8

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re:                                                    )   Case No. 2:10-bk-55570-PC
                                                          )
OMAR YEHIA SPAHI,                                         )   Adversary No. 2:11-ap-01124-PC
                                                          )
                                                          )   Chapter 11
                                        Debtor.           )
                                                          )

9

10

11

12

13

OMAR YEHIA SPAHI,                                         )   **MEMORANDUM DECISION**
                                                          )
                            Plaintiff,                    )
                                                          )
v.                                                        )
                                                          )
NCB, FSB,                                                 )
                                                          )
                            Defendant.                    )
                                                          )

FILED

JAN 2 1 2010

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

14

15       Plaintiff, Omar Yehia Spahi ("Spahi") has filed an Emergency Motion for Preliminary

16   Injunction and Temporary Restraining Order Pursuant to 11 U.S.C. § 105(a) and FRBP 7065,

17   and/or for an Extension of the Automatic Stay "("Motion")". Spahi seeks a hearing on the Motion

18   on shortened notice. By written opposition, Defendant, NCB, FSB ("FCB") opposes both an

19   expedited hearing on the Motion and the relief sought in the Motion. Having considered Spahi's

20   Motion and supporting declaration in light of NCB's response, the court denies the relief

21   requested in the Motion and abstains from exercising jurisdiction over this adversary proceeding

22   based upon the following findings of fact and conclusions of law[1] made pursuant to F.R.Civ.P.

23   52(a)(1), as incorporated into FRBP 7052 and made applicable to contested matters by FRBP

24   9014(c).

25

26

27

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby
adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is
hereby adopted as such.

# I. STATEMENT OF FACTS

Spahi filed a voluntary petition under chapter 11 in Case No. 2:09-bk-44294-SB on December 4, 2009. On September 16, 2010, NCB filed a motion seeking relief from the automatic stay to exercise its rights with respect to Units # 504-B, 1809-P, 1705-P, 609-P, 508-B, 801-P, and 904-P, 201 Ocean Avenue, Santa Monica, California. Spahi opposed each of the motions.[2] At a hearing on October 6, 2010, the court granted NCB's motion and lifted the stay as to each of the units identified in the motion in conjunction with dismissal of the case.

On October 22, 2010, Spahi filed his second voluntary chapter 11 petition – 15 days after entry of the order dismissing his previous case. On November 8, 2010, Spahi filed a motion seeking a continuation of the automatic stay under 11 U.S.C. § 362(c)(3) as to all creditors, including NCB and its efforts to exercise its contractual and statutory rights with respect to Units # 801-P, 609P, and 504B (the "Critical NCB Units"). On November 21, 2010, the court denied Spahi's motion based on findings of fact and conclusions of law set forth in its Memorandum Decision. The Order Denying Motion for Order Imposing a Stay or Continuing the Automatic Stay, together with the Memorandum Decision of even date therewith, were entered on November 22, 2010. On December 6, 2010, Spahi filed a Motion for Reconsideration of Order Denying Debtor's Request to Extend the Automatic Stay and sought a hearing on the motion on shortened notice. NCB opposed the motion. After a hearing on regular notice, the court denied Spahi's motion for reconsideration on January 6, 2011. An Order Denying Motion for Reconsideration of Order Denying Debtor's Request to Extend Automatic Stay was entered on January 10, 2011.

By his motion filed on January 18, 2011, Spahi seeks "issuance of an emergency temporary restraining order or the imposition of the automatic stay pursuant to Bankruptcy Code

---

[2] Spahi is not the individual to whom the loans were made by NCB. Spahi received his interest in each of the properties that are the subject of NCB's liens, whether fractional or otherwise, in contemplation of bankruptcy.

1   Sections 362(a) and 105, pending consideration of the Complaint for (1) Disallowance of Claims

2   and Liens under 11 U.S.C. § 502(d); (2) Validity, Priority or Extent of Lien; [and] (3) Injunctive

3   Relief Under 11 U.S.C. §§ 105(a) and 363(a) filed on 1/14/11." Motion, 1:9-14.  According to

4   the motion, Unit 801P is set for a foreclosure sale on January 24, 2011, but no sale has been set

5   with respect to Unit 609P or 504B.  Spahi requests a temporary restraining order ("TRO") "that

6   will (i) immediately reinstate the automatic stay until [Spahi] has had an opportunity to seek

7   confirmation of his chapter 11 plan or (ii) in the alternative, restrain [NCB] from any and all

8   foreclosure actions against the Critical NCB Units until the court can consider [Spahi's]

9   Complaint." Motion, 4:23-26.

10                                        II.  DISCUSSION

11          The court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and

12   1334(b).  Spahi's motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O).

13   Venue is appropriate in this court.  28 U.S.C. § 1409(a).

14          To the extent that Spahi's Motion seeks a reinstatement of the automatic stay, the Ninth

15   Circuit has stated that "[b]ecause the stay under § 362 is 'automatic' and 'self-executing'only

16   upon the filing of a bankruptcy petition, no authority exists for 'reinstating' an automatic stay

17   that has been lifted" by the court.  Canter v. Canter (In re Canter), 299 F.3d 1150, 1155 n.5  (9th

18   Cir. 2002).

19          To the extent that Spahi's Motion seeks issuance of a TRO, it is procedurally defective[3]

20   and states the wrong standard for the issuance of a preliminary injunction. Rule 65(a)(1) permits

21   the court to issue a preliminary injunction on notice to the adverse party.  F.R.Civ.P. 65(a)(1).

22   "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v.

23   Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008); see

24   Munaf v. Geren, 553 U.S. ___, 128 S.Ct. 2207, 2218-2219, 171 L.Ed.2d 1 (2008) ("A

25   _____

26   [3] LBR 7065-1(b)(2) states: "When a TRO is requested, a preliminary injunction must be sought
     by order to show cause."  Spahi seeks issuance of a TRO on motion set on shortened notice.
27

                                              - 3 -

1  preliminary injunction is an extraordinary and drastic remedy."). To obtain a preliminary

2  injunction, the moving party must "establish that he is likely to succeed on the merits, that he is

3  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities

4  tips in his favor, and that an injunction is in the public interest."[4] <u>Winter</u>, 129 S.Ct. at 374; <u>see</u>

5  <u>Sierra Forest Legacy v. Rey</u>, 577 F.3d 1015, 1021 (9th Cir. 2009). "In each case, courts 'must

6  balance the competing claims of injury and must consider the effect on each party of the granting

7  or withholding of the requested relief.'" <u>Winter</u>, 129 S.Ct. at 376 (quoting <u>Amoco Prod. Co. v.

8  Gambell</u>, 480 U.S. 531, 542 (1987)). A temporary restraining order should not issue absent a

9  showing that it is necessary to preserve the status quo and prevent irreparable harm pending a

10  hearing on a preliminary injunction. <u>See Granny Goose Foods, Inc. v. Brotherhood of Teamsters

11  & Auto Truck Drivers Local No. 70</u>, 415 U.S. 423, 440 (1974).

12        Spahi's evidence of "likelihood of success on the merits" and likelihood of irreparable

13  harm" hinges on Spahi's own declaration which is based, in pertinent part, on information and

14  belief. Even if the court were to accept the statements in the declaration as true for purposes of

15  the Motion, "[e]conomic injury alone does not support a finding of irreparable harm because

16  such injury can be remedied by a damage award." <u>Irwin</u>, 338 B.R. at 854 (citing <u>Rent-A-Center,

17  Inc. v. Canyon Television & Appliance Rental, Inc.</u>, 944 F.2d 597, 603 (9th Cir. 1991). "Mere

18

19  _____

20  [4] Prior to <u>Winter</u>, the Ninth Circuit recognized two differing standards for the issuance of a
preliminary injunction. The traditional test required the plaintiff to establish "(1) a strong

21  likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if
preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4)

22  advancement of the public interest (in certain cases)." <u>Taylor v. Wesly</u>, 488 F.3d 1197, 1200
(9th Cir. 2007). The "alternative test" required that "plaintiff demonstrate either a combination

23  of a probable success on the merits and the possibility of irreparable injury or that serious
questions are raised and the balance of hardships tips sharply in his favor." <u>Id</u>. "These two

24  formulations represent[ed] two points on a sliding scale in which the required degree of
irreparable harm increase[d] as the probability of success decrease[d]. They [were] not separate

25  tests but rather outer reaches of a single continuum." <u>Id</u>. The Ninth Circuit has clarified "[t]o the
extent that our cases have suggested a lesser standard, they are no longer controlling, or even

26  viable." <u>Am. Trucking Ass'ns, Inc. v. City of L.A.</u>, 559 F.3d 1046, 1052 (9th Cir. 2009).

27                             - 4 -

1  financial injury, . . . , will not constitute irreparable harm if adequate compensatory relief will be

2  available in the course of litigation." <u>Goldie's Bookstore, Inc. v. Superior Court of State of Cal.</u>,

3  739 F.2d 466, 471 (9th Cir. 1984) (affirming trial court's decision not to enjoin the loss of a

4  commercial leasehold). Spahi states in his declaration that "the NCB are necessary for an

5  effective reorganization under the terms of the Plan," but there is nothing in the declaration that

6  establishes that each of the Critical NCB Units are essential to the success of such plan and that

7  the plan will be confirmed within a reasonable period of time. Spahi's Motion fails to address

8  the remaining two elements of <u>Winter</u>.

9        Finally, and most importantly, Spahi's complaint re-urges the issue of "validation" that

10  was first argued by Spahi in connection with his motion to continue the automatic stay. In

11  denying such motion, the court in its Memorandum Decision entered on November 22, 2010,

12  stated:

> With respect to the issue of validation, the court notes that Spahi did not raise this issue at the hearing on NCB's motion for relief from the stay on October 7, 2010. Since dismissal of his first case, Spahi has filed suit against NCB in Case No. BC448630, styled <u>Spahi v. NCB, a Federal Savings Bank</u>, in the Superior Court of California, County of Los Angeles, seeking a declaratory judgment and damages for alleged wrongful foreclosure, violation of statutory duties, and unjust enrichment. Spahi is free to raise the issue of whether NCB has standing to enforce the note and deed of trust in state court in the event further action is taken to foreclose on these units. These issues arise under state law, were the subject of a pending state court action when Spahi filed his petition in this case, and can be properly and timely adjudicated in state court.

Memorandum Decision, 8:3-11. Because the state court action remains pending between Spahi and NCB and the complaint made the basis of this adversary proceeding alleges causes of action between Spahi and NCB that arise under non-bankruptcy law which can be timely adjudicated in the non-bankruptcy forum, the court will abstain exercising jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1).

- 5 -

1

### III.  CONCLUSION

2        Based on the foregoing, Spahi's Motion must be denied.  The court will enter a separate

3   order consistent with this opinion.

4   Dated: January 21, 2011

5                                              PETER H. CARROLL
                                               United States Bankruptcy Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

| In re: | | |
|---|---|---|
| | | CHAPTER: |
| | Debtor(s). | CASE NUMBER: |

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I. below**:  The United States trustee and case trustee (if any) will always be in this category.
4) **Category II. below**:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)   MEMORANDUM DECISION  was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order.  As of  01/21/11  , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Michael Jay Berger    michael.berger@bankruptcypower.com, cristina.frankian@bankruptcypower.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com
- Christine M Pajak    cpajak@stutman.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9021-1.1**